IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HOWARD HOOD, Plaintiff, v. ROSIE RIVERA, Defendant. | **MEMORANDUM DECISION AND DISMISSAL ORDER** Case No. 2:19-CV-622 Howard C. Nielson, Jr. United States District Judge |

**BACKGROUND**

On September 4, 2019, Petitioner submitted a federal habeas-corpus petition with a motion to proceed *in forma pauperis*. *See* Dkt. No. 1. On October 7, 2019, Petitioner was ordered to file his inmate-account statement. *See* Dkt. No. 2. The filing fee was paid, and the petition and account statements were filed. *See* Dkt. Nos. 3–4. On December 10, 2020, a notification of case reassignment was mailed to Petitioner. *See* Dkt. No. 5. On December 22, 2020, the mail was returned to the court marked "PRISONER RELEASED UNABLE TO FORWARD." Dkt. No. 6.

On March 26, 2021, Respondent was ordered to answer the petition. *See* Dkt. No. 7. And on May 25, 2021, the court ordered Petitioner to show cause, no later than June 23, 2021, why his petition should not be dismissed for failure to prosecute. *See* Dkt. No. 8. Petitioner has not contacted the court in this case since he filed an account statement on October 22, 2019 (more than twenty months ago).

**ANALYSIS**

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the [petitioner] fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). This

court may dismiss actions *sua sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the [respondent] file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a [petitioner's] failure to prosecute or comply with . . . court orders."); s*ee also Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988) ("Dismissal for failure to prosecute is a recognized standard operating procedure in order to clear the deadwood from the courts' calendars where there has been prolonged and unexcused delay."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (stating the court has inherent authority to clear "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

In determining whether to dismiss this action, the court applies the factors from *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992)—*i.e.*, "(1) the degree of actual prejudice to [Respondent]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the noncomplying litigant was warned that dismissal was a likely sanction; and (5) "the efficacy of lesser sanctions." *Id*. at 921 (internal quotation marks omitted); *see also Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009) (applying *Ehrenhaus* factors in habeas case). Dismissal with prejudice is appropriate only when these factors outweigh the judicial system's strong interest in deciding cases on the merits. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 504 (10th Cir. 1991). The *Ehrenhaus* factors are not "a rigid test; rather, they represent criteria for the district court to consider [before] imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always be a

discretionary function."); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

**Factor 1: Degree of actual prejudice to Respondent**. Prejudice may be inferred from delay, uncertainty, and rising attorney's fees. *Faircloth v. Hickenlooper*, No. 18-1212, 2018 U.S. App. LEXIS 36450, at *5 (10th Cir. Dec. 26, 2018); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (finding substantial prejudice when plaintiff "sparked months of litigation" and defendants "wasted eight months of litigation"); *Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (approving district court's observation that "delay would 'prolong for the defendants the substantial uncertainty faced by all parties pending litigation'") (citation omitted).

Reviewing this case's docket, the court concludes that although Petitioner's neglect does not significantly prejudice Respondent, the passage of time can weaken evidentiary support for a position and may prejudice Respondent in this manner. This factor weighs slightly in favor of dismissal.

**Factor 2: Amount of interference with judicial process**. In *Jones*, the Tenth Circuit concluded that the plaintiff had significantly interfered with the judicial process when he did not answer a show-cause order or join a telephone conference. *Jones*, 996 F.2d at 265. Although Jones later argued that the district court could have abated the suit and revisited the status in three to six months, the court noted that abeyance would have delayed the proceedings for the other parties and the court. *Id*. The court stated: "In similar circumstances, we have held that a

3

district court could find interference with the judicial process when the plaintiff 'repeatedly ignore[s] court orders and thereby hinder[s] the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party.'" *Id.* (citation omitted).

And in *Villecco*, the Tenth Circuit concluded that the plaintiff had "caused great interference with the judicial process by failing to provide the court with a current mailing address or an address that he regularly checked; respond to discovery requests; appear at his deposition; list any fact witnesses or otherwise comply with the court's Initial Pretrial Order, or respond to the Defendants' Motion to Dismiss." *Villeco v. Vail Resorts, Inc.*, 707 F. App'x 531, 533 (10th Cir. 2017); *see also Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017) ("[H]e did not (1) respond to the order to show cause or (2) notify the court of his change of address as required by the local rules, even though his past actions show he was aware of the requirement."); *Taylor v. Safeway, Inc.*, 116 F. App'x 976, 977 (10th Cir. 2004) (dismissing under *Ehrenhaus* when "judicial process essentially ground to a halt when [Plaintiff] refused to respond to either the defendant[s' filings] or the district court's orders"); *Killen v. Reed & Carnick*, No. 95-4196, 1997 U.S. App. LEXIS 430, at *4 (10th Cir. Jan. 9, 1997) ("Plaintiff's willful failure to comply with [court] orders flouted the court's authority and interfered with the judicial process."). "[F]ailure to respond to court orders cannot be ignored." *Davis*, 571 F.3d at 1062.

Here, the court concludes that Petitioner's failure to prosecute his case—*i.e.*, by failing to notify the court of his change of address or to respond to the court's show cause order— necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors,* 351 F.3d 1324, 1326–27 (10th Cir. 2003); *Oliver*, 2010 U.S. Dist. LEXIS 92836, at *6 (holding petitioner's noncompliance with

4

rules and order to show cause showd lack of respect for court, respondent, and judicial process, and concluding, if petitioner's case were not dismissed, review of petition would unnecessarily increase the court's workload and interfere with the administration of justice). Petitioner's failure to put himself in a position to comply with court orders disrespects the court and the judicial process. His neglect has caused the court and staff to spend unnecessary time and effort. The court's frequent review of the docket and preparation of orders to move this case along have increased the court's workload and hijacked its attention from other matters with parties who have met their obligations and deserve prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 U.S. Dist. LEXIS 72562, at *7 (D. Kan. Oct. 4, 2006).

This factor weighs in favor of dismissal. *See Kalkhorst,* 2018 U.S. Dist. LEXIS 215598, at *8–9; *see also Estate of Strong v. City of Northglen*, No. 1:17-cv-1276-WJM-SKC, 2018 U.S. Dist. LEXIS 211095, at *10 (D. Colo. Dec. 14, 2018) (report & recommendation) ("It is hard to fathom how failing to respond to orders of the federal district court would *not* interfere with the judicial process.").

**Factor 3: Litigant's culpability**. Evidence of culpability may also be drawn from Petitioner's failure to provide an updated address or to respond to the order to show cause, as well as from the passage of time. *See Villecco,* 707 F. App'x at 534; *see also Faircloth*, 2018 U.S. App. 36450, at *6 (finding culpability when plaintiff "had been solely responsible for his failure to update his address, to respond to the show-cause order"); *Stanko v. Davis*, 335 F. App'x 744, 747 (10th Cir. 2009) ("For at least seven months, Stanko failed to follow this order. The district court ordered Stanko to show cause for this failure. Stanko made no effort to explain

5

his failure regarding those seven months."); *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1265 (10th Cir. 1999) (holding plaintiff responsible for inability to receive court filings based on not notifying court of correct address).

In this case, Petitioner at first demonstrated his ability to file a petition on his own and to respond to a court order. *See* Dkt. Nos. 3–4.

But more than twenty months have now passed since Petitioner's last filing—with no further word at all. And Petitioner has neither responded to the order to show cause nor filed an address change. *See Banks*, 680 F. App'x at 724; *see also Oliver*, 2010 U.S. Dist. LEXIS 92836, at *6–7 ("Applicant has, without any reasonable excuse, ignored [his duty to update his address]. Applicant has also failed to show cause why his case should not be dismissed or provide any justification for his failure to prosecute his case. Although Applicant's pleadings are construed liberally because he is proceeding pro se, he is not excused from his obligations to follow the same rules of procedure that govern other litigants. Therefore, the Court concludes that Applicant is culpable for his failure to follow the Local Rules and failure to litigate his case." (citation omitted)).

This factor weighs in favor of dismissal.

**Factor 4: Whether court warned noncomplying litigant that dismissal was likely sanction**. In *Faircloth*, the court twice warned the plaintiff that failure to comply could result in dismissal. *Faircloth*, 2018 U.S. App. 36450, at *7. On appeal, when the plaintiff argued he did not get these warnings, the Tenth Circuit stated, "But he could have received the warnings had he complied with the local rule requiring him to update his address. Because he did not, the court's only option was to mail documents to him at his last known address. These mailings constituted effective service [under Fed. R. Civ. P. 5(b)(2)(C)]." *Id*; *see also O'Neil v. Burton Grp.*, 559 F.

App'x 719, 722 (10th Cir. 2014) (supporting dismissal with prejudice for failure to appear especially after litigant had been warned repeatedly of consequences).

Here, the court stated in its May 24, 2021, order that "Petitioner must within thirty days SHOW CAUSE why this action should not be dismissed for failure to prosecute." Dkt. No. 8. There can be no mistaking the court's intentions.

**Factor 5: Efficacy of lesser sanctions**. Also in *Faircloth*, the district court had decided that no lesser sanction than dismissal could be effective when "[t]he court had been unable to receive a response from Mr. Faircloth and had no way of learning where Mr. Faircloth was or when he would disclose his new address." *Faircloth*, 2018 U.S. App. 36450, at *7–8. Due to this uncertainty, "the court reasonably concluded that dismissal was necessary." *Id*.

Another case upheld dismissal when, "given [plaintiff's] failure to communicate, to respond to any notices or the Motion to Dismiss, or to comply with any deadlines, the [district] court found no lesser sanction than dismissal would be effective." *Villecco,* 707 F. App'x at 533. The court noted that "[a] lesser sanction would be ineffective because a stay would not have a 'real impact on [Plaintiff] in encouraging responsiveness.'" *Id*. at 535; *see also O'Neil v. Burton Grp*., 559 F. App'x 719, 722 (10th Cir. 2014) ("[S]imply because lesser sanctions were available does not mean that the court was obligated to apply them.").

In yet another appeal, the Tenth Circuit stated that, though "dismissal should be imposed only after careful exercise of judicial discretion," it

> is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules. . . . Dismissal of the [case] is a strong sanction to be sure, but it is no trifling matter for [a party] to abuse our office by disappearing and failing to meet our deadlines. The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources.

7

*United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855–56 (10th Cir. 2005).

It is true that, for a *pro se* party, "the court should carefully assess whether it might . . . impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920 n.3; *see also Callahan v. Commun. Graphics, Inc.*, 657 F. App'x 739, 743 (10th Cir. 2016) ("The Court has been beyond lenient with Plaintiff throughout these proceedings based on his *pro se* status."). On the other hand, "[m]onetary sanctions are meaningless to a plaintiff who has been allowed to proceed *in forma pauperis*." *Smith v. McKune*, 345 F. App'x 317, 320 (10th Cir. 2009) (unpublished); *cf. Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) ("Because Riviera had filed for bankruptcy, a financial sanction was out of the question.").

Again, dismissal is a drastic sanction, but the Tenth Circuit has "repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Dismissal is warranted when there is a persistent failure to prosecute the complaint. *See Meade v. Grubbs,* 841 F.2d 1512, 1518 n.6, 1521–22 (10th Cir. 1988).

Applying these principles, the court concludes that no sanction less than dismissal would be effective. First, although Petitioner is *pro se*, he is not excused of neglect. *See Green,* 969 F.2d at 917. Second, Petitioner has ignored this case long enough that it is doubtful monetary or evidentiary sanctions would be effective (even if such sanctions could be motivating for an indigent, *pro se* prisoner). Indeed, there is no way to know whether Petitioner is even aware of orders at this point. "It is apparent that Plaintiff is no longer interested in and/or capable of prosecuting his claims. Under these circumstances, no lesser sanction is warranted and dismissal

8

is the appropriate result." *Kalkhorst,* 2018 U.S. Dist. LEXIS 215598, at *12–13; *see also Oliver*, 2010 U.S. Dist. LEXIS 92836, at *7–8 ("[B]ased upon Applicant's unknown location, the Court doubts that a monetary sanction would be practical or effective. Further, Applicant's conduct impacts both the judicial system and Respondent jointly, and considering that Applicant has essentially neglected his case, the Court finds that no lesser sanction would be effective.").

## CONCLUSION

Having comprehensively analyzed the *Ehrenhaus* factors against the timeline and Petitioner's lack of responsiveness, the court concludes that dismissal is appropriate.

IT IS THEREFORE ORDERED that the petition is **DISMISSED** with prejudice.

\*   \*   \*

**IT IS SO ORDERED.**

DATED this 22nd day of July, 2021.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge

9